THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN M. SAMMIS v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY.

*Supervisors — authority of, to appoint commissioners to lay out a highway.*

Since the passage of chapter 773 of the Laws of 1873 a board of supervisors has no authority to appoint commissioners to lay out a highway, except upon the certificate of the commissioners of highways.

Certiorari to review the proceedings of the board of supervisors of Queens county in the matter of the appointment of three special commissioners to lay out a highway in the village of Oyster Bay, through premises of the relator on which are buildings and permanent structures occupied and used for the purposes of trade.

*Thomas Young*, for the relator.

*Charles R. Street*, for the supervisors.

Pratt, J.:

It seems plain that prior to 1873 the proposed highway could not have been laid out over the relator's property without his consent. That act only authorized such a laying out upon the certificate of the commissioners of highways. (Laws of 1873, chap. 773; Thompson on Highways [3d ed.], 220; 2 R. S. [Banks' 7th ed.], 1238, 1239.)

In this case no such certificate was obtained, but was refused by the commissioners, and there was, therefore; no power vested in the board of supervisors to appoint commissioners, and the commissioners so appointed had no power to lay out the road.

This road falls under the act of 1873 and under the previous act, chapter 314 of the law of 1838, as amended by chapter 164 of the Laws of 1848. The law of 1873 was made expressly to apply to such an application as this, and it contains an express prohibition against laying out such road, except upon the condition before referred to, viz., certificate of commissioners of highways. Whatever may have been the powers of the board of supervisors prior to 1873, it is plain that since that act either the owner's consent or the certificate of the highway commissioners is essential to the laying out of such a road.

It cannot be claimed that the act of 1838 was intended to provide a method by which a road could be laid out through buildings without the owner's consent; but it was the object of the act of 1873 to effect that purpose, but only upon the conditions therein expressed.

It may be further said that, irrespective of the act of 1873, we do not think a case was made for action upon the part of the board of supervisors, for the reason that it did not appear that the road was important, and that the commissioners of highways could not or would not act within the meaning of the act of 1838.

If the foregoing views are correct, it follows that the action of the board of supervisors was without authority and must be reversed.

BARNARD, P. J., and DYKMAN, J., concurred.

Proceedings and order laying out highway reversed.